UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-24587-UU

CARIBBEAN GARDENS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

vs.

QBE SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

### QBE SPECIALTY INSURANCE COMPANY'S
### MOTION TO DISMISS COUNT II OF COMPLAINT

Defendant, QBE SPECIALTY INSURANCE COMPANY ("QBE"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this Motion to Dismiss Count II of Complaint and Memorandum of Law In Support, and in support states:

Plaintiff, Caribbean Gardens Condominium Association, Inc., filed the instant suit against QBE alleging that QBE "failed and refused to fully indemnify Plaintiff" for damages allegedly associated with a water loss purportedly occurring on January 15, 2014 at the property located at 11301 Southwest 200th Street, Miami, FL 33157 after a pipe beneath the concrete slab burst. [D.E. 1-1, ¶¶ 8, 10, 26]. QBE investigated the claim, partially denied coverage for the loss and damages not covered or specifically excluded under the applicable insurance policy and provided limited coverage for certain ensuing water damage to drywall. [D.E. 1-1, Exhibit B]. Plaintiff filed this suit against QBE seeking, essentially, coverage and monies to repair what Plaintiff deems to the all of the damage associated with the loss, including "the cost for access and egress to the broken pipes" and all damages identified in Plaintiff's estimate attached as Exhibit C to its

Complaint. [D.E. 1-1, ¶ 17, 26, Exhibit C]. To recover these funds, Plaintiff filed the a Breach of Contract Claim (Count I) and a Claim for Declaratory Judgment (Count II). [D.E. 1-1]. Plaintiff's Claim for Declaratory Judgment (Count II) should be dismissed as a matter of law as it fails to satisfy the requisites necessary to proceed with a declaratory action.

## MEMORANDUM OF LAW

### I.    Standard for Motion to Dismiss.

Rule 12(b)(6) provides that a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *See* Fed.R.Civ.P. 12(b)(6); *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006); *Hernandez v. Two Brothers Farm, LLC*, 579 F.Supp.2d 1379, 1382 (S.D.Fla. 2008). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashmore v. F.A.A.*, 2011 WL 3915752, *1 (S.D. Fla. Sept. 2, 2011) ("Although this pleading standard 'does not require' detailed factual allegations, . . . 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'"). "[O]nce a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth,' it must determine whether the well-pled facts 'state a claim to relief that is plausible on its face.'" *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1340-41 (S.D. Fla. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "[T]he Court may grant a motion to dismiss when, 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *It's a 10, Inc. v. Beauty Elite Group, Inc.*, Case No. 13-60154-CIV, 2013 WL 4822270 at *2 (May 17, 2013) (quoting *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993)).

## II. Count II of Plaintiff's Complaint for Declaratory Relief Is Subject to Dismissal as a Matter of Law.

Count II of Plaintiff's Complaint is a claim for declaratory relief. However, a review of the allegations within Count II reveal that the claim is insufficient as a matter of law and should be dismissed. Based on the Court's diversity jurisdiction, federal law applies to resolve procedural matters and Florida law applies to resolve issues of substantive law. *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-21163-CIV, 2012 WL 1416428, at *1-2 (S.D. Fla. Apr. 24, 2012); *McMahan v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001). "28 U.S.C. § 2201 authorizes a federal court to declare the rights and other legal relations of any interested party in a case of actual controversy within its jurisdiction. Section 86.021, Florida Statutes (2011), 'provides for a declaration of rights or status where a party to an agreement is in doubt as to rights thereunder.'" *Id.* (quoting *City of Hollywood v. Florida Power & Light Co.*, 624 So. 2d 285, 286 (Fla. 3d DCA 1993)) (internal citations omitted).

In Florida, actions for declaratory relief are available to declare: (a) "any immunity, power, privilege, or right;" or (b) "any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future." § 86.011, Fla. Stat. (2011). "The party moving for declaratory judgment must identify some provision of the insurance contract as to which it is in doubt and therefore requires clarification." *Miami Yacht Charters, LLC*, 2012 WL 1416428, at *2 (citing *Tobon v. American Sec. Ins. Co.*, No. 06–61912–CIV, 2007 WL 1796250, at *2 (S.D. Fla. Jun.20, 2007) (finding that a mere conclusory allegation that the plaintiff is "in doubt" as to some unidentified term of a contract is insufficient to state a claim for declaratory judgment)). Furthermore, "a trial court should not entertain an action for declaratory judgment

3

on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *Fernando Grinberg Trust Success Int. Properties, LLC v. Scottsdale Ins. Co.*, Case No. 10-20448-Civ, 2010 WL 2510662, at *1 (S. D. Fla. June 21, 2010). Where a "claim for declaratory judgment is subsumed within its claim for breach of contract, the declaratory action must be dismissed." *Id.* at *2. In deciding whether to dismiss a claim on the ground that it is redundant, "courts consider whether a declaratory judgment services a useful purpose." *It's a 10, Inc.*, 2013 WL 4822270 at *3 (quoting *Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC*, 783 F. Supp. 2d 1214, 1216 (S.D. Fla. 2011)). "In determining the usefulness of a claim, courts may consider 'whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the'" claim. *Id.*

In *Fernando Grinberg Trust Success Int. Properties, LLC*, the plaintiff filed a suit alleging claims for breach of contract and declaratory action seeking a determination of coverage and valuation of damages under the policy. *Fernando Grinberg Trust Success Int. Properties, LLC*, 2010 WL 2510662, at *1. The court held that the resolution of the breach of contract claim would resolve the coverage and valuation disputes raised in the declaratory relief claim, and dismissed the declaratory action noting that "the Plaintiff [would] be able to secure full, adequate and complete relief through the breach of contract claim." *Id.* at *1-2. In *It's a 10, Inc.*, the Court dismissed a counterclaim for declaratory judgment where a count in the plaintiff's complaint and the declaratory relief requested in a counterclaim were "mirror images of each other, dealing with the same legal and factual issues." *It's a 10, Inc.*, 2013 WL 4822270 at *3. In *Fortran Group Intern, Inc. v. Tenet Hopsital Ltd*, Case No. 8:10-cv-01602-T-17, 2010 WL 4366380 at *3 (M.D. Fla. Oct. 28, 2010), the Court dismissed a claim for declaratory judgment

on the ground it was "subsumed by [a] claim for damages for breach of contract" where both claims stem from the same set of facts and are predicated on a breach of the settlement agreement. In *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346-47 (S.D. Fla. 2012), the Court dismissed a claim for declaratory relief where "the declaration sought is essentially the same as the relief sought in Plaintiffs' fraud, FDUTPA, and breach of contract claims."

Similar to the cases above, Plaintiff filed this suit alleging a count for breach of contract[1] and a claim for declaratory judgment seeking a determination of coverage and a valuation of damages under a property insurance policy. Despite their different titles, the purpose of both claims is in effect the same and the sole issue in the case is whether Plaintiff is entitled to monies pursuant to the Policy. While Plaintiff cites to certain provisions in the Policy, Plaintiff does not allege that the Policy is vague or ambiguous or in need of interpretation. Rather, Plaintiff claims that QBE denied the claim pursuant to the Policy and thus refuses to pay monies to Plaintiff for the water loss suffered at the Property.

Plaintiff merely seeks a "declaration" of various coverage issues that are a part of, and will be resolved by, its breach of contract claim. For instance, if the subject Policy provisions are applicable, then QBE did not breach the Policy by denying Plaintiff's claim for damages. In other words, resolution of Plaintiff's breach of contract claim will resolve the coverage dispute raised in Plaintiff's claim for declaratory relief. Plaintiff's declaratory action raises the same issues and damages and essentially seeks the same relief as requested in Count I. Both Counts are predicated on the same facts, same Policy and same alleged breach. Consequently, Plaintiff's

---

[1] QBE Specialty Insurance Company filed concurrently with this Motion its Answer and Affirmative Defenses to the Complaint, specifically responding to Plaintiff's breach of contract action against it.

claim for declaratory relief is subsumed within its Count I breach of contract claim. Since Plaintiff will be able to secure full, adequate and complete relief through its breach of contract claim (Count I), dismissal of the count for declaratory judgment is proper.

WHEREFORE, Defendant, QBE Specialty Insurance Company, requests that the Court grant this Motion, dismiss Count II of Plaintiff's Complaint and for such further relief the Court deems just and proper.

Respectfully Submitted,

KELLER LANDSBERG PA
*Counsel for Defendant*
Broward Financial Centre
500 East Broward Boulevard, Suite 1400
Fort Lauderdale, FL 33394
Telephone:    954-761-3550
Facsimile:    954-525-2134
Email: alan.landsberg@kellerlandsberg.com
Second Email: dena.sacharow@kellerlandsberg.com
3rd Email: lydia.dellatto@kellerlandsberg.com

By:    */s/Dena B. Sacharow*
Alan L. Landsberg, FBN:  238635
Dena B. Sacharow, FBN:  84640

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 22nd day of December, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                   /s/Dena B. Sacharow

**SERVICE LIST**

Rafael F. Alonso, Esq.,
(Counsel for Plaintiff)
Alonso, Perez & Santos, LLP
2103 Coral Way, Suite 401
Miami, FL 33145
Ph: 305-443-6321
Fx: 305-459-1805
E-service:  info@alonsoperezlaw.com